IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, | } } } | |
| Plaintiff | } } | |
| vs. | } } | CIVIL ACTION NO. H-05-0277 |
| MUNIZ ENGINEERING INC, *et al.*, | } } | |
| Defendants | } | |

## MEMORANDUM AND ORDER

Before the court is a motion is brought by the Plaintiff, Aspen Specialty Insurance Company, f/k/a Dakota Specialty Insurance Company (Dakota), to enter a Final Judgment on Damages and Attorneys Fees.  Doc. 49.  The same document also includes a motion to sever the case. The Defendant, Muniz Engineering Inc. (MEI), filed a response.  Doc. 55 and 56.  Third-Party Defendants, William T Baycroft and JMG/IC Insurance Agency Inc. (the Third-Party Defendants), have filed a motion for reconsideration that is, in substance, a response to Dakota's motion.  Doc. 57.  Dakota responded and moved to strike the motion for reconsideration.  Doc. 66 and 67.

Also before the court is a motion to file an interlocutory appeal brought by MEI . Doc. 47.  MEI filed a related motion to stay the case.  Doc. 48.  MEI also moved to continue the case. Doc. 69.  Similarly, the Third-Party Defendants moved to continue the trial.  Doc. 58.

The motion by the Plaintiff, Aspen Specialty Insurance Company, for entry of a judgment and to sever the trial is DENIED.  Doc. 49.

The motions by the Defendant, Muniz Engineering Inc., are DENIED.  Doc. 47 and 48.

The motion by the Plaintiff to strike the motion for reconsideration by the Third-Party Defendants is DENIED. Doc. 67.

**I.      BACKGROUND**

Dakota insured MEI, promising to defend and indemnify MEI against a certain set of claims. MEI notified Dakota of a claim, a wrongful death lawsuit filed as cause 2003-28750 in Harris County, Texas, that the policy allegedly covered (Underlying Lawsuit). This court has concluded that Dakota is not obligated to defend MEI against the Underlying Lawsuit. Now, Dakota asks MEI to reimburse it for the costs of defending the Underlying Lawsuit.

The Underlying Lawsuit was filed in 2003 and amended to name MEI as a defendant on February 20, 2004. Doc. 31, Exh. B. at 4, § V. Dakota received notice of the Underlying Lawsuit on March 16, 2004. Doc. 55, Exh. A. Dakota sent a letter reserving its rights to deny coverage on August 5, 2004. Doc. 55, Exh. A. The letter stated that Dakota did not believe that the policy covered the events described in the Underlying Lawsuit and explained, "if it is determined that coverage does not apply," Dakota "will no longer have an obligation … to provide defense … with respect to the" Underlying Lawsuit. Id. The letter dated August 5, 2004 did not raise the possibility that Dakota would seek reimbursement for the costs of defending MEI. In fact, Dakota does not appear to have sought reimbursement for any of the costs of defending MEI until October 18, 2005, 19 months after it received the lawsuit. Doc. 1 and 44.

On February 7, 2006, this court granted summary judgment in favor of Dakota, finding that its policy was neither illusory nor ambiguous. Doc. 45. In its motion for summary judgment, Dakota sought a ruling that it, "is under no duty to provide a defense to [MEI] that there is no coverage under the Policy, and that Dakota is entitled to judgment for costs, reimbursement for the costs of defense expended to defend [MEI and] ... attorney's fees." Doc. 31 at 21, §IX. The prayer

for relief neither identified the date from which Dakota sought to recover its fees nor specified any formula for calculating the amount to which it would be entitled. Instead, Dakota reserved the question of the amount of fees for a future hearing. Id. at 20, ¶56. Accordingly, the court's ruling held, specifically, "such amounts are to be assessed and determined in a separate motion pertaining to damages." Doc. 45 at 11. Dakota has now made that separate motion as a motion for summary judgment seeking reimbursement for all of its attorneys fees for defending MEI in the Underlying Lawsuit.

## II.     LEGAL ANALYSIS

### A.  DAKOTA IS NOT ENTITLED TO SUMMARY JUDGMENT FOR ALL OF THE COSTS OF DEFENDING MEI.

Dakota filed a motion for summary judgment arguing that the law and undisputed facts entitle it to reimbursement for all of its attorneys fees for defending MEI in the Underlying Lawsuit. A party moving for summary judgment must inform the court of the basis of the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the party moving for summary judgment bears the burden of proof on an issue, then that party must establish that no dispute of material fact exists regarding any of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Dakota asserts that it is entitled to recover *all* of its costs for defending MEI in the

Underlying Lawsuit because this court ruled that Dakota is not obligated to defend MEI. However, "if an insurer assumes an insured's defense without declaring a reservation of rights or obtaining a non-waiver agreement, and with knowledge of facts indicating noncoverage, all policy defenses, including those of noncoverage, are waived, or the insurer may be estopped from raising them[.]" *State Farm Lloyds, Inc. v. Williams,* 791 S.W.2d 542, 552 (Tex.App.-Dallas, 1990, no writ) (citations omitted).

In this case, Dakota received a copy of the Underlying Lawsuit on March 16, 2004. It did not reserve its rights until August 5, 2004. It did not notify MEI that it would seek reimbursement for the cost of defending the Underlying Lawsuit until October 18, 2005. Because Dakota waited so long to contest coverage or assert a right to reimbursement, questions of material fact exist regarding the amount of money that Dakota may be entitled to collect from MEI. For example, MEI may be able to show that it would have hired its own counsel to defend it had Dakota notified it of its intentions earlier. Thus, at trial, MEI could establish that Dakota is estopped from collecting some, or even all, of the money that it paid to defend MEI. Conversely, Dakota may be able to prove that it is entitled to full reimbursement from MEI.

Despite the possibility that MEI could prove that Dakota is entitled to only a fraction of its costs, Dakota argues that this court's previous order entitles it to recover every dollar spent defending MEI. Certainly, such an interpretation of the previous order is plausible. However, a court retains the power to interpret or clarify its own orders. The previous order granting Dakota summary judgment did not specify an amount to which Dakota was entitled nor did it describe any particular formula or method for calculating that amount. Likewise, it did not limit the ability of MEI or any other party, to argue that Dakota's expenses were unreasonable. In fact, the order

imposed no limits whatsoever on the scope of arguments that MEI could use to mitigate Dakota's reimbursement. This court's previous order held only that Dakota's contract does not entitle MEI to a defense and that Dakota is entitled to whatever reimbursement that law or equity allow. Instead, the order explicitly required Dakota to bring "a separate motion pertaining to damages." Doc. 45 at 11. No matter how the court interprets its own order, Dakota's evidence did not eliminate all questions of material fact regarding the degree of relief to which it was entitled and when a moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little*, 37 F.3d at 1075. Thus, any deficiency in MEI's response does not establish Dakota's right to complete reimbursement. Ultimately, this court does not interpret its previous order as entitling Dakota to *complete* reimbursement, but to whatever reimbursement law and equity may entitle it. Dakota must establish its right to reimbursement at trial or through a motion for summary judgment that completely eliminates all issues of material fact.

### B.  THE COURT WILL NOT RECONSIDER THE HOLDING THAT DAKOTA'S POLICY DOES NOT COVER MEI.

Third-Party Defendants William T Baycroft and JMG/IC Insurance Agency Inc. (the Third-Party Defendants) also argue that "[w]hether coverage exists depends on a determination of facts surrounding MEI's activities at NASA[.]" Doc. 57 at 2, ¶2. However, the Third-Party Defendants previously argued: "the court should compare the information within the four corners of the insurance policy within the information within the four corners of the complaint to determine whether the allegations potentially fall within the coverage of the policy." Doc. 37 at 3, ¶5. The Third-Party Defendants also argued that "[t]he duty to indemnify is narrower than the duty to defend and arises only if the duty to defend has first been triggered." Id. at 4, ¶6. All parties agreed, and the case law indicates, that the court should determine whether Dakota owed MEI any duty from the

pleadings and disregard any other evidence. Moreover, no party has cited any authority to support the contention that "[w]hether coverage exists depends on a determination of facts surrounding MEI's activities at NASA[.]" Accordingly, this court will disregard the introductory paragraph in the motion for reconsideration brought by the Third-Party Defendants to the extent that the paragraph constitutes a motion to reconsider all aspects of this court's previous ruling.

### C.  MEI IS NOT ENTITLED TO AN INTERLOCUTORY APPEAL.

MEI seeks to appeal this court's order of summary judgment before the conclusion of this case. Specifically, it seeks to appeal this court's determination:  (1) that Dakota is entitled to all of the costs that Dakota incurred by defending it and (2) that Dakota's policy is neither ambiguous nor illusory. As explained above, this court did not rule that Dakota is entitled to recover all of the money that it paid to defend MEI. Thus, MEI's motion to file an interlocutory shall be limited to the question of whether Dakota's policy is ambiguous or illusory.

Only exceptional circumstances justify an interlocutory appeal. See, e.g., *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474 (1978); and *In re Flor,* 79 F.3d 281 (2nd Cir. 1996). A decision must, "involve[] a controlling question of law as to which there is substantial ground for difference of opinion," to be eligible for an interlocutory appeal. 28 U.S.C. §1292(b). MEI has not explained how the question of whether Dakota's policy is ambiguous or illusory constitutes a, "question of law as to which there is substantial ground for difference of opinion." However, the results of from this court's survey of cases certifying decisions for interlocutory appeal indicates that questions of law, as §1292(b) uses that term, do not include the application of settled law to particular situations. Rather, questions of law that justify interlocutory appeals require courts to construe, reconcile, interpolate, or extrapolate laws or legal theories and *then* apply them to the facts

of a case. For example, the interaction between various state and federal statutes may justify an interlocutory appeal. See, e.g., *Levine v. United Healthcare Corp.,* 285 F.Supp.2d 552 (D. N.J. 2003). Also, contradictory jurisdictional statutes have also justified an interlocutory appeal. See, e.g., *Klein v. Vision Lab Telecommunications, Inc.,* 399 F.Supp.2d 528 (S.D.N.Y. 2005). Likewise, conflicting rulings on issue, contrary ruling by federal district court in another state, and lack of any case law squarely on point may establish the existence of "substantial ground for difference of opinion." See, e.g., *APCC Services, Inc. v. Sprint Communications Co., L.P.,* 297 F.Supp.2d 90 (D.D.C. 2003). Although this court's survey of decisions certifying interlocutory appeals has not discovered any clear rule for evaluating what constitutes a "question of law as to which there is substantial ground for difference of opinion," the cases that it has reviewed always involve cases in which the law itself is unsettled. Cases in which a district court may have misapplied settled law do not appear to involve "questions of law as to which there is substantial ground for difference of opinion."

This case required the court to do no more than apply well-settled law to an ordinary insurance contract. Consequently, any error that this court may have committed does not involve a "question of law as to which there is substantial ground for difference of opinion," as that term is used in decisions applying §1292(b).

## **ORDER**

Accordingly, it is hereby ORDERED:

(1) The motion by the Plaintiff, Aspen Specialty Insurance Company, for entry of a judgment and to sever the trial is DENIED. Doc. 49.

(2) The Plaintiff shall establish the reasonable amount of attorneys' fees to the trier of

fact at an evidentiary hearing to be set and may file another motion for summary judgment on this question.

(3) The Defendant may argue, at the evidentiary hearing or in response to a motion for summary judgment, that any or all fees claimed are not reasonable for any reason supported by any legal or equitable theories.

(4) The motion by the Defendant, Muniz Engineering Inc. to file an interlocutory appeal is DENIED.  Doc. 47.

(5) The motion by the Defendant, Muniz Engineering Inc. to stay the case is DENIED. Doc. 48.

(6) The motion for reconsideration by Third-Party Defendants, William T Baycroft and JMG/IC Insurance Agency Inc., is GRANTED to the extent that the Third-Party Defendants have moved to clarify this court's previous ruling and DENIED to the extent that the Third-Party Defendants have moved to reconsider the ruling that MEI is not entitled to a defense from Dakota. Doc. 57.

(7) The motion to strike the Third-Party Defendants' Motion for Reconsideration by the Plaintiff is DENIED.  Doc. 67.

SIGNED at Houston, Texas, this 15th day of June, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE